1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13   CARLETHA A. STEWART,              )     1:09-cv-00965 LJO MJS HC
                                       )
          Petitioner,                  )
14                                     )
                                       )     FINDINGS AND RECOMMENDATION
     v.                                )     REGARDING RESPONDENT'S MOTION
15                                     )     TO DISMISS
                                       )
16   M. LATTIMORE, Warden              )     [Doc. 18]
                                       )
17          Respondent.                )
     ——————————————————————————        )
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Amy Daniel, Esq.,

21   of the Office of the Attorney General for the State of California.

22   I.     **BACKGROUND**

23          Petitioner is currently in the custody of the California Department of Corrections

24   pursuant to a March 29, 1983 judgment of the Superior Court of California, County of Los

25   Angeles, finding the Petitioner guilty of murder in violation of Cal. Penal Code Section 187.

26   (Mot. to Dismiss, Ex. 2, p. 2., ECF No. 18-1.) Petitioner was sentenced to serve a term of 25

27   years to life in state prison. (Id.)   In the present Petition, Petitioner challenges the Board of

28   Parole Hearings' ("Board") May 3, 2006 decision finding her unsuitable for parole. (Pet., p. 6,

1   ECF No. 1.)

2       Starting in September 2007, Petitioner filed three collateral challenges with respect to

3   the decision of the Board finding her unsuitable for parole in the state courts, all petitions for

4   writ of habeas corpus, as follows:

5       1.    Los Angeles County Superior Court
            Filed: August 23, 2007[1];
6            Denied: November 13, 2007;

7       2.    California Court of Appeals, Second Appellate District
            Filed: December 28, 2007[2];
8            Denied: March 6, 2008;

9       3.    California Supreme Court
            Filed: March 27, 2008[3];
10           Denied: December 23, 2008;

11  See Mot., Exs. 2-7.

12      On May 26, 2009[4], Petitioner filed the instant federal petition for writ of habeas corpus

13  in this Court. On August 3, 2010, Respondent filed a motion to dismiss the petition as being

14  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed

15  an opposition to Respondent's motion to dismiss on August 26, 2010. On August 30, 2010,

16  Respondent filed a reply to Petitioner's opposition.

17  II.   **DISCUSSION**

18      A.    **Procedural Grounds for Motion to Dismiss**

19  _____

20      [1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
21  487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
22  filed on the date Petitioner presumably handed her petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on September 24, 2007, pursuant to
23  the mailbox rule the Court considers the petition filed on August 23, 2007, the date Petitioner signed the petition.

24      [2]Although the petition was filed on January 11, 2008, pursuant to the mailbox rule the Court considers the
25  petition filed on December 28, 2007, the date Petitioner signed the petition.

26      [3]Although the petition was filed on May 15, 2008, pursuant to the mailbox rule the Court considers the
    petition filed on March 27, 2008, the date Petitioner signed the petition.

27      [4]Petitioner did not sign or date the petition. As there is no date on which to presume that Petitioner
28  handed the petition to prison authorities for mailing, Petitioner cannot benefit from the mailbox rule with regard to this petition.

1    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

2    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

3    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

4    Cases.

5    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

6    answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

7    violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

8    Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

9    remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

10   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

11   1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

12   after the court orders a response, and the Court should use Rule 4 standards to review the

13   motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

14   In this case, Respondent's motion to dismiss is based on a violation of the one-year

15   limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

16   in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

17   procedural default and Respondent has not yet filed a formal answer, the Court will review

18   Respondent's motion to dismiss pursuant to its authority under Rule 4.

19   **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

20   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

21   of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

22   writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117

23   S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

24   In this case, the petition was filed on May 26, 2009, and therefore, it is subject to the

25   provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

26   seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

27   amended, § 2244, subdivision (d) reads:

28   (1)  A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

With respect to the discovery of the factual predicate of a claim alleging an unconstitutional denial of parole, the Ninth Circuit Court of Appeals has not decided whether the triggering event is the initial decision denying parole or the point at which the decision becomes final. In Redd, the Ninth Circuit held that the factual predicate occurred on the date the administrative decision to deny parole became final. 343 F.3d at 1083-1084. This occurred after an administrative appeal taken by the petitioner was denied. Id.

At the time the Redd decision was rendered, September 11, 2003, California prisoners

1  could contest the Board's adverse parole decision by filing an administrative appeal from the

2  final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on

3  May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code

4  Regs. tit. 15, § 2050 et seq. (2004).

5      Now, a parole consideration hearing decision, such as the May 3, 2006 decision in this

6  instance, is considered a proposed decision until it passes through a decision review process.

7  Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041(h). All proposed decisions

8  become final within 120 days unless the Board finds an error of law, the decision was based

9  on an error of fact, or if new information when corrected or considered by the Board has a

10 substantial likelihood of resulting in a substantially different decision on rehearing. Id.; Cal.

11 Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole

12 shall become final within 120 days of the date of the hearing. During that period, the board

13 may review the panel's decision.")

14     Generally, it is not knowledge of some facts pertinent to a claim that constitutes

15 discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge

16 of facts constituting reasonable grounds for asserting all elements of a claim in good faith.

17 Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the

18 petitioner knows, or through diligence could discover, the important facts, and not when the

19 petitioner recognizes their legal significance. It is not necessary for a petitioner to understand

20 the legal significance of the facts themselves before the obligation to exercise due diligence

21 commences and the statutory period starts running. Id. at 1154 n. 3.

22     Here, the parole decision itself stated that it would not be final for 120 days. At all

23 pertinent times, the state statute that provides for the parole suitability hearing and decision

24 has also expressly provided for review of the decision before finality. Cal. Pen. Code §

25 3041(a), (b). The state statute has also stated that any decision granting parole becomes final

26 within 120 days of the date of the hearing. Cal. Pen. Code § 3041(b). The pertinent regulations

27 have provided that parole decisions of the board after a hearing "are proposed decisions and

28 shall be reviewed prior to their effective date in accordance with" specified procedures. Cal.

Code Regs. tit. 15, § 2041(a) (2010). It is expressly provided that "[a]ny proposed decision granting, modifying, or denying a parole date for a life prisoner… shall become final no later than 120 days after the hearing at which the proposed decision was made." Cal. Code Regs. tit. 15, § 2043 (2010); see, Cal. Code Regs. tit. 15, § 2041(h). Under these circumstances, the initial, proposed decision cannot logically constitute all the facts constituting reasonable grounds for asserting a claim challenging a parole decision because the parole decision has yet to be made.

This Court then concludes that the date on which the factual predicate of a decision on Petitioner's parole could have been discovered through the exercise of reasonable diligence was upon the decision's finality one hundred twenty (120) days after the decision was rendered on May 3, 2006. Here, the Board's adverse decision rendered on May 3, 2006, was merely a proposed decision and it did not become final until 120 days thereafter, on August 31, 2006. (See Mot. To Dismiss, Ex. 1 at 71.) The statute of limitations began to run the next day, September 1, 2006, and Petitioner had one-year thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

Petitioner would have one year from September 1, 2006, absent applicable tolling, in which to file her federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until May 26, 2009, over a year and a half after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that her petition is not barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

1   petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

2   between one state court's disposition of a habeas petition and the filing of a habeas petition

3   at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

4   183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year

5   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

6   conviction petition was timely or was filed within a reasonable time under state law. Pace v.

7   DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as

8   untimely or determined by the federal courts to have been untimely in state court will not

9   satisfy the requirements for statutory tolling. Id.

10          As stated above, the statute of limitations period began on September 1, 2006.

11   Petitioner filed her first state habeas petition on August 23, 2007, in the Los Angeles County

12   Superior Court. At that point, 356 days of the limitations period had elapsed. Assuming that

13   all of Petitioner's state habeas petitions were properly filed, the statute of limitations period is

14   tolled from August 23, 2007, the date the first petition was filed, until December 23, 2008, the

15   date the California Supreme Court denied Petitioner's final petition.

16          As 356 days had expired prior to Petitioner filing her first round of state habeas

17   petitions, nine days of the limitations period remained as of December 23, 2008. Accordingly,

18   the limitations period expired nine days later on January 1, 2009. As January 1, 2009 is a legal

19   holiday, Petitioner had until the next day that was not a Saturday, Sunday or legal holiday to

20   file the present petition. In this case, Petitioner had until Friday January 2, 2009 to file a

21   petition. The present petition was filed on May 26, 2009, almost five months after the

22   expiration of the year statute of limitations period including applicable tolling.  Accordingly, the

23   instant federal petition is barred by the statute of limitations.

24          Petitioner argues in her opposition that all Saturdays, Sundays and legal holidays

25   should be excluded from the statute of limitations calculation. (Opp'n, ECF No. 21.) Time

26   calculations for petitions for writs of habeas corpus are governed by the Federal Rules of Civil

27   Procedure. See Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil

28   Procedure, to the extent that they are not inconsistent with any statutory provisions or these

rules, may be applied to a proceeding under these rules.") Federal Rule of Civil Procedure 6 governs calculations of time. Under Rule 6(a)(1), "when the period of time is stated in days or a longer period of time, every intermediate day, including Saturdays, Sundays, and legal holidays are counted." Fed. R. Civ. P. 6(a). In this case, the statute of limitations period is a year, and therefore intermediate weekend and holiday days are included. As the last day of the statute of limitations was New Years Day, a legal holiday, Petitioner was granted an additional day under Rule 6 to file her federal petition.  Despite gaining an additional day to file her petition, the petition was filed almost five months after the limitations period expired.

Petitioner also asserts that the dates upon which her state filings were adjudicated are unclear. (Opp'n at 11-12, 25.) Further, Petitioner asserts that the Saturdays, Sundays, and legal holidays during the period of the filing of her state petitions should be subtracted. (Id. at 29.) As described above, even assuming that the entire period during which Petitioner was pursuing state habeas relief is tolled (including all Saturdays, Sundays, and legal holidays during that period) her federal petition was filed nearly five months after the expiration of the statute of limitations. Therefore, the petition remains untimely.

### D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and her petition remains untimely.

### III.    CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling.  Based on the foregoing, this Court recommends that Respondent's motion to dismiss be granted.

**IV.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991.

IT IS SO ORDERED.

Dated:    September 10, 2010          /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE